JS 44 - No. CALIF .(Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**
MICHAEL ABAD, individually and on behalf of all others similarly situated

**DEFENDANTS**
LEGAL RECOVERY LAW OFFICES; MARK D. WALSH, an individual

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)
San Mateo

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES. USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME. ADDRESS. AND TELEPHONE NUMBER)
Irving L. Berg
145 Town Center, PMB. 493
Corte Madera, CA 94925 (415) 924-0742

ATTORNEYS (IF KNOWN)
11-531 MEJ 99

## II. BASIS OF JURISDICTION (PLACE AN "✓" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✓" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "✓" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "✓" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liabiltiy | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence **Habeas Corpus:** | | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☑ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Violation of the Fair Debt Collection Practices Act

**VII. REQUESTED IN COMPLAINT:** ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 500,000.00  ☐ CHECK YES only if demanded in complaint:  JURY DEMAND: ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE A "✓" IN ONE BOX ONLY) ☑ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE Janury 09, 2008     SIGNATURE OF ATTORNEY OF RECORD 

Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

FILED
2011 FEB -3  P 3:37
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL ABAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEGAL RECOVERY LAW OFFICES;<br>MARK D. WALSH, an individual,<br><br>Defendant. | Case No. CV11 0531 MEJ<br>CLASS ACTION<br><br>**COMPLAINT TO SEEK REDRESS FOR UNLAWFUL DEBT COLLECTION PRACTICES**<br><br>**JURY TRIAL DEMAND** |

## I. INTRODUCTION

1. Plaintiff brings this action on behalf of himself and all others similarly situated for statutory damages from Defendants for their violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## II. JURISDICTION AND VENUE

2. This court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b), as the acts that give rise to this action occurred, in substantial part, in this district.

## III. PARTIES

4. Plaintiff, MICHAEL A. ABAD ("Mr. Abad") is an individual who resides in this district, and is a consumer as defined at 15 U.S.C. § 1692a(3).

5. Defendant LEGAL RECOVERY LAW OFFICES ("LRL") is a California law firm that regularly attempts to collect defaulted consumer debts owed to others. LRL is a debt

COMPLAINT                                                                 ABAD v. LEGAL RECOVERY
                                            1                             LAW OFFICES et al.

...
...

1  collector under 15 U.S.C. § 1692a(6).

2      6.    Defendant MARK D. WALSH ("Walsh") is a California licensed attorney engaged in the business of collecting defaulted consumer debts owed to others. Walsh is a "debt collector" under 15 U.S.C. § 1692a(6).

    7.    Defendant Walsh directs and controls the collection activities of LRL.

    8.    Defendants use instrumentalities of interstate commerce to conduct their debt collection business from offices at 5030 Camino De La Siesta, Suite 340, San Diego, CA 92108-3110.

    9.    Each Defendant is the agent, servant, employee and/or other representative of the other Defendants. In doing the things herein alleged, Defendants acted in the scope, purpose and authority of such agency, service employment, and/or partnership with the permission, knowledge, consent and ratification of the other Defendants. Defendants authorized, approved and/or ratified the wrongful acts herein.

    10.    Reference hereinafter to "Defendant" or "Defendants" or "Defendant Collector", without further qualification refer to each Defendant.

## IV. FACTUAL ALLEGATIONS

    11.    On or about January 4, 2011, Defendant sent its initial collection notice to Plaintiff. A true and correct copy of the notice is attached hereto as "Exhibit A."

    12.    The collection notice concerned a consumer debt allegedly owed by Plaintiff to Capital One Bank.

    13.    The debt was incurred by Plaintiff in a transaction involving primarily the purchase of consumer goods and services.

    14.    The notice was a form letter as evidenced by the type face and the form number at the lower right of the letter designated as LRL01001TEFIE8066. Exhibit A is the same or similar form letter sent to members of the class.

    15.    The collection notice at Exhibit A states that the "total due" is in the amount of $3724.44.

    16.    The collection notice at Exhibit A did not state that the amount of the debt might

1 vary from day to day because of, for example, interest, late charges or other charges.

17. The collection notice at Exhibit A did not notify the Plaintiff of his right to obtain an exact, up-to-date amount of the debt allegedly due.

18. The case of *Miller v. McCalla, Raymer, Partick Cobb, Nichols & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000), sets forth "the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day." *Id.* At 876.

19. Defendants did not comply with that duty.

20. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was intentional, willful and in reckless disregard for federal rights of the Plaintiff.

21. Each Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring its letters into compliance with the FDCPA, but each neglected to do so and each failed to adequately review its actions to ensure compliance with said law.

22. The collection letter is authorized by Mark W. Walsh whose name is shown as sending of the letter i.e. signed

**Sincerely Mark D. Walsh**

23. Then collection notice violates 15 U.S.C. § 1692e(2)(A) as it is a false representation as to the character and/or legal status of the debt.

### V. FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS
(Violation of the Federal Fair Debt Collection Practices Act)

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Each Defendant is a "debt collector" as defined by section 1692a(6) of the FDCPA.

26. Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

27. Exhibit A sent to the Plaintiff by Defendants is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

1   28.   Defendants violated the FDCPA as to the Plaintiff and the class. Defendants' violations include violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692g(a)(1) as evidenced by the following conduct:

(a)   Using false, deceptive and misleading representations or means in connection with the collection of an alleged debt;

(b)   Falsely representing the character, amount or legal status of an alleged debt;

(c)   Using unfair or unconscionable means to collect or attempt to collect an alleged debt; and

(d)   Failing to provide the consumer with a written notice containing the amount of the alleged debt.

29.   Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of inducing Plaintiff to pay the debt.

30.   As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff and members of the class for actual damages, statutory damages and attorney's fees and costs.

## VI. CLASS ALLEGATIONS

30.   This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of California (ii) who were sent a letter from Defendants in the form of Exhibit A (iii) or similar to Exhibit A to recover a debt incurred for personal, family, or household purposes (iv) which was not returned undelivered by the United States Postal Service (v) during the period of time one year prior to the filing of this Complaint through the date of class certification.

31.   The class is so numerous that joinder of all members is impractical.

.32   There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendant violated the FDCPA as alleged in Plaintiff's First Cause of Action herein.

33.   There are no individual questions, other than whether a class member was sent a

1  letter in the form of <u>Exhibit A</u> or similar to Exhibit A, which can be determined by ministerial
2  inspection of Defendant's records.
3      34.    Plaintiff will fairly and adequately protect the interests of the class.
4      35.    Plaintiff has retained counsel experienced in handling class claims and claims
5  involving unlawful collection practices.
6      36.    The questions of law and fact common to the class predominate over any issues
7  involving only individual class members. The principal issue is whether Defendant's letter in the
8  form of <u>Exhibit A</u> or similar to Exhibit A violates the FDCPA.
9      37.    Plaintiff's claims are typical of the claims of the class, which all arise from the
10 same operative acts and are based on the same legal theories.
11     38.    A class action is a superior method for the fair and efficient adjudication of this
12 controversy. Class-wide damages are essential to induce Defendants to comply with Federal law.
13 The interest of class members in individually controlling the prosecution of separate claims
14 against Defendant is small because the maximum statutory damages in an individual FDCPA
15 action is $1,000.00. Management of these class claims are likely to present significantly fewer
16 difficulties than those presented in many class actions, e.g., for securities fraud.
17     39.    As a result of Defendant's violations of the FDCPA, Plaintiff and the class are
18 entitled to an award of statutory damages, costs and reasonable attorney's fees.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

A.   That an order be entered certifying the proposed class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the class;

B.   That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

C.   That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

D.   That the Court grant such other and further relief as may be just and proper

1  including punitive damages and injunctive relief.
2  Dated: 2-1-2011
3                                    Irving L. Berg
4
5              **VIII. JURY DEMAND**
6  Plaintiff hereby demands that this case be tried before a jury.
7
8  Dated: 2-1-2011            /s/
9                                    Irving L. Berg
                                     THE BERG LAW GROUP
10                                   145 Town Center, PMB 493
                                     Corte Madera, CA 94925
11                                   (415) 924-0742
                                     (415) 891-8208 (Fax)
12
13                                   ATTORNEY FOR PLAINTIFF

COMPLAINT                                    ABAD v. LEGAL RECOVERY
                        6                    LAW OFFICES et al.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

COMPLAINT                                                        ABAD v. LEGAL RECOVERY
                                                                 LAW OFFICES et al.

# LRL
## LEGAL RECOVERY LAW OFFICES

P.O. Box 84060, San Diego, CA 92138-4060
Tele: 619-275-4001 • Toll Free: 800-785-4001 • Fax: 619-275-4010

Michael A Abad
198 Gambetta St
Daly City CA 94014-1879

| | |
|---|---|
| Payments Received by LRLO: | $0.00 |
| Current Principal: | $3718.11 |
| Interest: | $6.33 |
| Court Costs: | $0.00 |
| Attorney's Fees: | $0.00 |
| Other Costs: | $0.00 |
| Total Due: | $3724.44 |

Date: January 4, 2011
File #: 4862362381001463
Account #: 736547
Client: CAPITAL ONE BANK
Original Creditor:
Referred Balance: $3719.26

The above referenced account has been placed with this office for collection and resolution. The client named above claims that you have a delinquent account owed in the amount of $3724.44.

Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include court costs, local attorney s fees and interest in addition to the principal amount currently owed.

This notice has been sent to you by a law office specializing in the area of debt collection. Be advised that this is an attempt to collect a debt and any information obtained will be used for that purpose. "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

If paid in full to this office, all collection activity will be stopped. Returned checks will result in a returned check fee of $25.00 for the first returned check and $30.00 for each additional returned check.

Please include your file number on all correspondence and/or remittance and mail it to PO Box 84060, San Diego, CA 92138.

Sincerely,

Mark D. Walsh, Esq.
Attorney at Law

---

*** Please Return Bottom Portion With Payment ***    LRLO1001TYEF1E80C6

5030 Camino De La Siesta Ste 340
San Diego CA 92108-3118
RETURN SERVICE REQUESTED

IF YOU WISH TO PAY BY VISA, MASTERCARD, (CIRCLE ONE)
FILL IN THE INFORMATION BELOW

$ _____  ___/___
Account Number    Payment Amount    Expire Date

Card Holder Name    Signature of Card Holder

Account #: 736547
Total Due: $3724.44

736547 - A10 - 3537
Michael A Abad
198 Gambetta St
Daly City CA 94014-1879

Legal Recovery Law Offices
5030 Camino De La Siesta Ste 340
San Diego CA 92108-3118